# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CONSUMER PRODUCTS ASSOCIATION**, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) <br> ) |
| v. | ) <br> ) <br> ) |
| **310 NUTRITION, LLC**, | ) Civil Action No. _____ <br> ) |
| Defendant. | ) <br> ) <br> ) <br> ) <br> ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant 310 Nutrition, LLC ("310 Nutrition") through undersigned counsel, hereby files this Notice of Removal of the above-captioned action currently pending in the Superior Court of the District of Columbia, Case No. 2023 CAB 000662.

In support thereof, 310 Nutrition states as follows:

1. Plaintiff Consumer Products Association ("Plaintiff") initiated this civil action by filing a Complaint against 310 Nutrition in the Superior Court of the District of Columbia. A copy of Plaintiff's Complaint is attached hereto as Exhibit A.

2. 310 Nutrition was served with a copy of the Complaint and Summons on February 14, 2023. A copy of the Summons is attached hereto as Exhibit B. A copy of a stipulation signed by Plaintiff's counsel and filed in D.C. Superior Court indicating the date of service is attached hereto as Exhibit C.

3. This Notice of Removal is being filed with this Court within 30 days of the earliest receipt of the Complaint by 310 Nutrition and is therefore timely filed. *See* 28 U.S.C. § 1446(b).

4. Removal to this Court is appropriate because Plaintiff's action is pending in the District of Columbia Superior Court, which is located in this District. *See* 28 U.S.C. § 1441(a).

5. This Court has original jurisdiction under 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.

6. Section 1332's complete diversity of citizenship requirement is satisfied because Plaintiff is a citizen of the District of Columbia and 310 Nutrition is a citizen of Nevada. *See* 28 U.S.C. § 1332(a)(1).

7. Plaintiff is a non-profit corporation. Complaint ¶ 1. A corporation is a citizen of both the state where it is incorporated and where it maintains its principal place of business. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193-94 (2010); *Atwal v. Lawrence Livermore Nat'l Sec., LLC*, No. 10-1111, 2011 WL 1980370 (D.D.C. May 23, 2011). Plaintiff is organized under the laws of the District of Columbia. Complaint ¶ 1. Plaintiff maintains its principal place of business at 1629 K Street, NW, Suite 300, Washington, D.C. 20006. *See* Complaint Caption Page. Accordingly, Plaintiff is a citizen of the District of Columbia.

8. 310 Nutrition is a limited liability company. A limited liability company is a citizen of every state of which its members are citizens. *Jakks Pac., Inc. v. Accasvek, LLC*, 270 F. Supp. 3d 191, 195 (D.D.C. 2017). 310 Nutrition's sole member is Mr. Tim Sharif. An individual is a citizen of the state where he or she resides and intends to remain indefinitely. *Herbin v. Seau*, 317 F. Supp. 3d 568, 572 (D.D.C. 2018). Mr. Sharif resides and intends to remain indefinitely in Nevada, and he is therefore a citizen of Nevada. *See id.* Accordingly,

because 310 Nutrition's sole member is a citizen of Nevada, 310 Nutrition is a citizen of Nevada. *See Jakks Pac., Inc.*, 270 F. Supp. 3d at 195.

9. The amount in controversy requirement is also satisfied because Plaintiff seeks damages and attorneys' fees in excess of $75,000. *See* 28 U.S.C. § 1332(a).

10. Plaintiff brings two claims against 310 Nutrition—one under the District of Columbia Consumer Protection Procedures Act ("CPPA") and one for failure to warn negligence per se. Complaint ¶¶ 26-38. Plaintiff seeks treble damages or $1,500 per violation, punitive damages, and attorneys' fees "on behalf [of] the general public of D.C. consumers" based on an array of 310 Nutrition's products. Complaint ¶¶ 21, 27, 42.

11. Although the amount in controversy is satisfied by Plaintiff's prayer for treble damages or statutory damages and punitive damages alone, the Court may also include attorneys' fees in the amount in controversy. *See Info. Strategies, Inc. v. Dumosch*, 13 F. Supp. 3d 135, 144 (D.D.C. 2014) ("Attorney fees are part of the amount in controversy if they are provided for by statute or contract."); D.C. Code § 28-3905(k)(2)(B) (authorizing recovery of "[r]easonable attorney's fees" under the CPPA)

12. A Notice of Filing for Removal to Federal Court is being filed contemporaneously in the Superior Court for the District of Columbia, a copy of which is attached hereto as <u>Exhibit D</u>.

13. Written notice of this pleading has been e-mailed to Plaintiff's counsel of record.

14. <u>Exhibits A</u> and <u>B</u> attached hereto represent all of the pleadings received by or served upon 310 Nutrition in connection with Plaintiff's claims.

WHEREFORE, 310 Nutrition respectfully prays that the above-referenced action brought in the Superior Court of the District of Columbia be immediately removed to this Court.

Dated: March 16, 2023                              Respectfully submitted,

<u>/s/ Paul Werner</u>
Paul A. Werner (DC Bar No. 482637)
Hannah Wigger (DC Bar No. 208851)
Sheppard Mullin Richter & Hampton LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, D.C. 20006-6801
Telephone: (202) 747-1900
Facsimile: (202) 747-1901
pwerner@sheppardmullin.com
hwigger@sheppardmullin.com

*Counsel for Defendant 310 Nutrition, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on this 16 day of March 2023, a copy of the foregoing was served via electronic mail on the following persons:

Mohaimina Haque
(D.C. Bar No. 1644522)
Law Office of Mohaimina Haque, PLLC
1629 K Street, N.W., Suite 300
Washington, D.C. 20006-6801
Tel: (202)355-6384
mina@attorneymina.com

J. Nelson Happy
(D.C. Bar No. 435987)
Law Office of J Nelson Happy, PLLC
1629 K Street, N.W., Suite 300
Washington, D.C. 20006-6801
jnelsonhappy@gmail.com

Attorneys for Plaintiff Consumer Products Association.

                                                      */s/ James Glassman*
                                                        James Glassman